IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| KEON LESLIE PHILLIPS, | : |
| | : |
| Petitioner, | : |
| | : CASE NO.  1 : 10-CV-90091 (WLS) |
| | : 28 U.S.C. § 2255 |
| | : CASE NO.  1 : 06-CR-30 (WLS) |
| | : |
| VS. | : |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| | : |
| Respondent. | : |

## RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on December 27, 2010, is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  After preliminary examination of Petitioner's Motion, it appears that the Motion is subject to summary dismissal under Rule 4, as the Motion is untimely filed.

**Procedural History**

The Petitioner was indicted in this Court on September 28, 2006 on charges of conspiracy to possess with intent to distribute crack cocaine, possession with intent to distribute crack cocaine within one thousand feet of a school and a housing facility owned by a public housing authority, and possession with intent to distribute crack cocaine, in violation of subsections of 21 U.S.C. §§ 841 and 846.  (Doc. 1).  On December 15, 2006, the Petitioner entered into a Plea Agreement with the Government and pled guilty to Count I of the Indictment, which charged him with conspiracy to possess with intent to distribute crack cocaine.  (Docs. 72, 73).  Petitioner

was sentenced on March 29, 2007 to 327 months imprisonment followed by 8 years of Supervised Release. (Docs. 90, 92).

Petitioner filed a Motion for Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582 on June 15, 2010. (Doc. 140). The Court denied this motion by Order dated June 28, 2010, finding that the Petitioner was "ineligible for a sentence reduction under amendment 706". (Doc. 141). Petitioner then filed his Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 on December 27, 2010, asserting that certain circuit court cases interpreting Supreme Court case law mandate review of his sentence. (Doc. 154).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996. Pursuant to the AEDPA, the movant in a § 2255 proceeding has a one year limitations period in which to file a § 2255 motion. Courts calculate the relevant limitations period from the latest of four benchmark dates: (1) the date on which the judgment of conviction becomes final; (2) the date a government-created impediment to making such a motion is removed; (3) the date on which the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the date on which the facts supporting the claim(s) could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

The Petitioner contends that the one year limitations period for bringing this § 2255 motion should be calculated using the date "on which the facts supporting the claim(s) could have been discovered through the exercise of due diligence". Petitioner points to several Eleventh Circuit decisions, as well as decisions from the Sixth and Tenth circuits, and argues "he could not have discovered the factual predicate of his 'claim' until all of the above compelling,

2

binding precedent became effective supporting the instant petition to prevail." (Doc. 154, Exh. 1, p. 7).

However, subsection (4) of 28 U.S.C. § 2255 (f) does not control the situation presented herein. Section 2255 (f)(4) calculates the one year limitations period beginning on "the date on which the *facts supporting the claim or claims* presented could have been discovered through the exercise of due diligence" (emphasis added). Herein, the Petitioner is not relying on newly discovered facts, but on the assertion of a right allegedly newly recognized by the Eleventh Circuit, which places the calculation of the one year limitations period under subsection (3). Pursuant to this subsection, the one-year statute of limitations begins to run on the date on which the right asserted is initially recognized by the Supreme Court, if it has been made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

None of the cases to which the Petitioner points reflect rights newly "recognized by the Supreme Court and made retroactively applicable to cases on collateral review". Rather, the cases upon which the Petitioner relies are circuit court decisions interpreting Supreme Court decisions dating back to 2005. The *U.S. v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010) case was decided by the Eleventh Circuit on May 21, 2010, and relies on an interpretation of Supreme Court case law issued in 2005. Additionally, the Court notes that the *Gilbert v. U.S.*, 609 F.3d 1159 (11th Cir. 2010) decision on which the Petitioner relies was vacated by the Eleventh Circuit and reheard en banc. *Gilbert v. U.S.*, 625 F.3d 1176 (11th Cir. 2010). Moreover, the *Gilbert* decision is based on the Supreme Court decision in *Begay v. United States*, 553 U.S. 137 (2008), issued on April 16, 2008. "For purposes of a newly recognized right under 28 U.S.C. § 2255[f](3) . . . the [one-year] limitations period . . . is triggered on the date the Supreme Court initially recognizes a new right." *Dodd v. U.S.,* 365 F.3d 1273, 1277

(11th Cir. 2004). Petitioner did not file this § 2255 motion within one year of the Supreme Court decisions initially recognizing the rights which he now asserts, and his motion is accordingly untimely under § 2255(f)(3).

The Court notes that Petitioner's § 3582 motion did not toll the one year limitations period applicable to his § 2255 motion. Subsection (b) of 18 U.S.C. § 3582 provides that the fact that a sentence can subsequently be modified or corrected does not render the underlying judgment non-final. *See also U.S. v. Schwartz,* 274 F.3d 1220, 1224 (9th Cir.2001)(finding that § 3582 motion does not toll one-year limitation of AEDPA); *U.S. v. Norris,* 2000 WL 521482 (D.C.Cir.)(holding that suggestion that § 3582 motion tolled time for § 2255 was without merit, *citing O'Connor v. US,* 133 F.3d 548, 550 (7th Cir.1998)); *U.S. v. Preyear*, 2010 WL 3002968 (S.D.Ala.)(finding that § 3582 motion did not toll one year limitations period for § 2255 motion, nor did the § 3582 motion start the one year limitations period anew).

Even if the Court considers the one-year limitations period to have started running when the Petitioner's conviction became final, pursuant to 2255(f)(1), the filing of this § 2255 motion is still untimely. Petitioner's conviction became final on April 20, 2007, when the time for filing a Notice of Appeal expired. *See Clay v. United States,* 537 U.S. 522 (2003). Petitioner then had one year to bring a motion under § 2255 after his conviction became final, or until April 20, 2008. Under this provision of § 2255, Petitioner's motion to vacate, filed on December 27, 2010, is clearly untimely.

Inasmuch as the Petitioner's § 2255 motion is untimely filed, it is the recommendation of the undersigned that this § 2255 motion be DISMISSED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy

of this Recommendation.

       SO RECOMMENDED, this  25th day of October, 2011.

                                       s/  ***THOMAS Q. LANGSTAFF***

                                       UNITED STATES MAGISTRATE JUDGE

asb